DECISION
These consolidated appeals pertain to the Franklin County Court of Common Pleas' award of prejudgment interest in favor of plaintiff Richard A. Crawford and against Crawford's former employer, defendant Ribbon Technology Corporation ("Ribtec").
The relevant facts underlying these appeals are as follows. Crawford and Ribtec entered into a written employment and deferred compensation agreement on March 2, 1993. The agreement contained an arbitration clause, which provided that any disputes between the parties would be settled by binding arbitration. Ribtec established a separate deferred compensation account ("Merrill Lynch account") for Crawford on December 31, 1994, as a substitute for an insurance plan for which Crawford was not eligible.
Crawford remained in Ribtec's employ until December 31, 1996. Thereafter, the parties were unable to reach an amicable agreement regarding Crawford's rights under the employment agreements and regarding Crawford's contention that he owned certain trade secrets developed during his employment with Ribtec. The parties twice resorted to arbitration.
On March 8, 1999, Crawford filed a motion to confirm and enforce the two arbitration awards. In his supporting memorandum, Crawford also argued that he was entitled to prejudgment interest on his $63,000 severance pay and on the money in his deferred compensation account. Crawford contended that prejudgment interest should accrue beginning on December 31, 1996. Ribtec opposed the motion on March 22, 1999, but nowhere in its opposition memorandum did Ribtec address the issue of prejudgment interest.
On May 12, 1999, the trial court confirmed one of the arbitration awards, and an appeal to this court ensued. On June 29, 2000, this court, among other things, remanded this case with instructions for the trial court to address Crawford's claim for prejudgment interest.
Following the remand, on April 3, 2001, the trial court issued a decision awarding prejudgment interest, in an unspecified amount, to Crawford. The court noted that Crawford had argued that he was entitled to prejudgment interest from December 31, 1996, on his severance pay and deferred compensation account. The court also noted that it had "thoroughly reviewed the record" and found that Ribtec had "submitted no argument to the contrary." The trial court instructed Crawford to prepare a final judgment entry, including a prejudgment interest award, by April 27, 2001.
On April 19, 2001, Crawford sent a letter to Ribtec, with which he enclosed his proposed judgment entry for $34,967.48 in prejudgment interest. Although it is not part of the record, Ribtec apparently sent correspondence to the trial court on April 23, 2001, regarding Crawford's proposed journal entry. This unrecorded correspondence prompted Crawford to file a Response to Defendant's Opposition to Proposed Journal Entry, in which Crawford advocated for an award of $34,967.48 in prejudgment interest.[1] Crawford attached a proposed journal entry reflecting a $34,967.48 award for interest accrued through April 27, 2001.
On May 3, 2001, Ribtec filed a notice of appeal in an effort to appeal from the trial court's April 3, 2001 decision. On May 18, 2001, this court sua sponte dismissed Ribtec's appeal as premature because the trial court had yet to journalize final judgment.
There was no further activity in the case for more than two months. By entry dated August 2, 2001, the trial court awarded Crawford $35,644.97 for prejudgment interest accrued through July 15, 2001. The trial court indicated that this entry terminated the litigation.
On August 7, 2001, five days after the trial court had terminated the case, Ribtec filed a motion for approval of its own prejudgment interest entry. Ribtec's proposed entry provided that Crawford was entitled to $12,197.94 in prejudgment interest. Ribtec argued that Crawford was entitled to interest on his $63,000 severance pay from September 4, 1997, the date Crawford elected to receive severance pay, until January 26, 2000, the date Ribtec paid this amount to Crawford. Ribtec further argued that Crawford was not entitled to any prejudgment interest on the Merrill Lynch account, as the funds had been invested for Crawford without benefit to Ribtec, Crawford elected to be paid over a five-year period beginning in 1999, and the entire Merrill Lynch account had been paid to Crawford on December 9, 1999. To its motion, Ribtec attached three pieces of evidence: (1) an affidavit of John Norder, president of Ribtec, (2) an appendix to the March 2, 1993 employment agreement between Crawford and Ribtec, and (3) a designation form for the Merrill Lynch account. Of these three items, only the appendix to the 1993 employment agreement had been part of the record when the trial court rendered its final entry and terminated the litigation on August 2, 2001.
On August 10, 2001, Crawford moved to strike Ribtec's motion for approval of its own prejudgment interest entry and the supporting evidence attached to Ribtec's motion. Crawford argued that Ribtec's motion was untimely, as it was filed after the case had been terminated. By entry dated September 12, 2001, the trial court dismissed as moot Ribtec's motion for approval of its own prejudgment interest entry, noting that Ribtec's motion was filed after the court had entered judgment on the issue of prejudgment interest. The trial court also denied Crawford's motion to strike.
On appeal from the trial court's August 2, 2001 entry of final judgment, Ribtec asserts the following assignments of error:
 1. The trial court erred in awarding prejudgment interest on the award of severance pay by computing interest on that award from December 31, 1996.
 2. The trial court erred in computing interest until August 2, 2001, and awarding compound interest.
 3. The trial court erred in awarding prejudgment interest on the Merrill Lynch Deferred Compensation Account.
By cross-appeal,[2] Crawford asserts the following assignment of error:
 THE COMMON PLEAS COURT ERRED IN DENYING CRAWFORD'S MOTION TO STRIKE APPELLANT'S MOTION AND EVIDENCE FILED ON AUGUST 7, 2001.
Crawford has separately appealed from the trial court's September 12, 2001 entry denying Crawford's August 10, 2001 motion to strike Ribtec's motion for approval of its alternative judgment entry on prejudgment interest. By that appeal, Crawford asserts the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE COMMON PLEAS COURT ERRED IN DENYING APPELLANT CRAWFORD'S MOTION TO STRIKE APPELLEE RIBTEC'S MOTION FOR APPROVAL OF JUDGMENT ENTRY AND REQUEST FOR HEARING. ALONG WITH THE AFFIDAVITS AND EXHIBITS ATTACHED THERETO.
ASSIGNMENT OF ERROR NO. 2
 THE COMMON PLEAS COURT ERRED IN PERMITTING THE AFFIDAVITS AND EXHIBITS ATTACHED TO THE MOTION FILED BY APPELLEE RIBTEC AFTER THE CASE HAS BEEN TERMINATED BY A FINAL ENTRY TO BECOME AND REMAIN PART OF THE RECORD FOR PURPOSES OF APPEAL.
We first address Ribtec's three assignments of error, which all pertain to the amount of prejudgment interest awarded by the trial court. By its first assignment of error, Ribtec argues that the trial court erred by accruing interest on $63,000 in severance compensation as of December 31, 1996, when it should have accrued interest starting on September 4, 1997. In its second assignment of error, Ribtec contends that the trial court erred by accruing interest until August 2, 2001, when it should have stopped accruing interest on January 26, 2000, the date that Ribtec paid $63,000 in severance compensation to Crawford. By its third assignment of error, Ribtec argues that the trial court erroneously awarded prejudgment interest on the Merrill Lynch deferred compensation account. We address Ribtec's three assignments of error simultaneously.
We conclude that Ribtec is barred from advancing these arguments on appeal. Although it had ample opportunity to argue its position on prejudgment interest in the trial court, Ribtec failed to provide the trial court with argument or evidence until after the trial court had terminated the case.
A litigant is barred from raising issues for the first time at the appellate level. See State v. Sibert (1996), 74 Ohio St.3d 342, 343; Collins v. Emro Marketing Co. (1999), Franklin App. No. 98AP-1014. There is no evidence in the record that Ribtec ever timely opposed Crawford's calculation of prejudgment interest. Ribtec did not offer argument or an alternative calculation when it opposed Crawford's motion to enforce the arbitration awards on March 8, 1999, even though Crawford had expressly argued that he was entitled to prejudgment interest on his severance pay and deferred compensation account from December 31, 1996. Ribtec did not attempt to brief the issue of prejudgment interest after this court remanded this case, on June 29, 2000, with instructions for the trial court to address Crawford's prejudgment interest claim. Aside from a possible unrecorded "correspondence" from Ribtec to the trial court in April 2001, Ribtec did not provide an alternative argument or calculation after the court rendered its decision on prejudgment interest on April 3, 2001, nor did Ribtec ever file a motion for reconsideration of the trial court's April 3, 2001 decision prior to the time the judgment entry was filed April 27, 2001. More than two months passed after this court dismissed Ribtec's efforts to appeal the trial court's April 3, 2001 decision before Ribtec made an effort to address its arguments to the trial court, and that effort came five days after the trial court entered final judgment and terminated the case.
In sum, even though the issue of calculation of prejudgment interest first surfaced in March 1999, Ribtec advanced its own arguments regarding prejudgment interest for the first time after the trial court entered final judgment and terminated the case in August 2001. Ribtec only provided the trial court with evidence in support of its arguments on prejudgment interest after the court entered judgment. Under these circumstances, we decline to consider Ribtec's arguments, and we therefore overrule Ribtec's first, second and third assignments of error.
By his assignment of error on cross-appeal from the trial court's August 2, 2001 entry and by his first and second assignments of error in his appeal from the trial court's September 12, 2001 entry, Crawford argues that the trial court erroneously failed to strike Ribtec's untimely motion for approval of its alternative prejudgment interest entry and the evidence provided by Ribtec in support of its motion. In reaching disposition on the issue of prejudgment interest, however, neither the trial court nor this court considered the arguments or evidence offered by Ribtec in its untimely filing. Accordingly, we overrule as moot Crawford's assignment of error in his cross-appeal from the trial court's August 2, 2001 entry.
We decline to address the two assignments of error pertaining to Crawford's appeal of the trial court's September 12, 2001 entry, as we conclude that the September 12, 2001 entry is not a final appealable order. The September 12, 2001 entry dismissed as moot Ribtec's motion to approve its proposed entry relating to the award of prejudgment interest. Our appellate jurisdiction is limited to reviewing final orders, judgments or decrees. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03. R.C. 2505.02(B) identifies the following five categories of final orders that are subject to appellate review: (1) an order that "determines the action and prevents a judgment"; (2) an order "made in a special proceeding"; (3) an order that "vacates or sets aside a judgment"; (4) an order that "grants or denies a provisional remedy"; and (5) an order as to class certification. We conclude that the trial court's September 12, 2001 entry fits none of the categories and, accordingly, we sua sponte dismiss for lack of appellate jurisdiction Crawford's appeal from that entry.
For the foregoing reasons, Ribtec's first, second and third assignments of error are overruled; Crawford's assignment of error in his cross-appeal from the trial court's August 2, 2001 entry is overruled as moot; and Crawford's first and second assignments of error in his appeal from the trial court's September 12, 2001 entry are sua sponte dismissed for lack of appellate jurisdiction. The judgment of the Franklin County Court of Common Pleas rendered on August 2, 2001 (case No. 01AP-923), is affirmed; and the appeal (case No. 01AP-1133) from the Franklin County Court of Common Pleas September 12, 2001 entry is dismissed.
Judgment affirmed in case No. 01AP-923; appeal dismissed in case No. 01AP-1133.
PETREE and BROWN, JJ., concur.
[1] Crawford's April 26, 2001 filing alludes to an "April 23rd
letter to the court" from Ribtec. The letter is not part of the record.
[2] Although Crawford did not file a notice of cross-appeal, we nonetheless consider Crawford's assignment of error, as it is identical to the issue raised in Crawford's separate appeal.